UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON

CASE NO. 6:05-CV-355 KKC

TRAVELERS PROPERTY CASUALTY					PLAINTIFF
COMPANY OF AMERICA


vs.				**OPINION AND ORDER**


B & W RESOURCES, INC., AND					DEFENDANTS
BEGLEY PROPERTIES, LLC


\* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendants' Motion for Partial Summary Judgment (Rec. No. 31), Plaintiff's Motion for Summary Judgment (Rec. No. 35), Defendants' motion for leave to file Second Amended Complaint and Second Amended Counterclaim (Rec. No. 25), and Plaintiff's Motion to Take Deposition Outside Discovery Deadline (Rec. No. 43) .

## I. FACTS

Defendant, B & W Resources, Inc. ("B & W Resources"), purchased a commercial liability insurance policy from Plaintiff, Travelers Property Casualty Company of America ("Travelers"), which covered a time period from July 23, 2004 through July 23, 2005. (Rec. No. 1, Complaint, ¶ 4). The policy covered various items one which was Defendant's coal tipple, which is listed in the Inland Marine portion of the policy. (Rec. No. 1, Complaint ¶ 7). On December 27, 2004, the Defendant's coal tipple was destroyed (Rec. No. 1, Complaint, ¶ 5). The Defendant submitted a claim to Travelers for the loss of the coal tipple, however, Travelers refuses to compensate Defendant for the loss alleging that the loss of the tipple was caused by

rust, corrosion, dampness, hidden or latent defect, mechanical breakdown or failure, quality in the property that caused it to damage or destroy itself, wear and tear, and /or gradual deterioration, all of which Travelers alleges are excluded under the policy. (Rec. No. 1, Complaint, ¶ 6-10). Plaintiff's complaint seeks a judgment declaring that no duty is owed to Defendants to provide coverage under the policy. (Rec. No. 1, Complaint).

Defendants, B & W Resources and Begley Properties, allege that the loss of the coal tipple is covered under Travelers policy and requests judgment for the amount of its loss. (Rec. No. 3). Defendants have moved the Court for summary judgment upon the issue of insurance coverage and amount payable for the loss. (Rec. No. 31).

Plaintiff alleges that the damage to the coal tipple was caused by rust, corrosion, wear and tear, or deterioration and that these causes are plainly excluded under the policy. (Rec. No. 35). Defendants allege that the loss of the coal tipple is covered because collapse is a "covered cause" of loss and the exclusion provision is worded in way that saves the coal tipple loss even if the failure of the tipple was caused by rust, corrosion, wear and tear, or deterioration. (Rec. No. 31).

## II. SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id.*

"The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-

80 (6th Cir. 1989). "The nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris,* 260 F.3d 654, 665 (6th Cir. 2001).

### III. ANALYSIS

The interpretation of an insurance contract is a matter of law for the Court to decide. *Kemper National Insurance Companies v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 870 (2002). The Plaintiff asserts that the Defendants' loss is not covered under the insurance policy due to an exclusion provision, which excludes losses that are caused by rust, corrosion, wear and tear, or deterioration. (Rec. No. 35). Defendants allege that the wording of the exclusion provision permits an exception to the exclusion thereby restoring coverage. (Rec. No. 31). The Court must first look to the language of the insurance policy. *Kemper*, 82 S.W.3d at 870. The insurance policy states as follows (Rec. No. 31) (emphasis added):

> We will **not** pay for "loss" caused by or resulting from any of the following. <u>But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss"</u>.
>
> a.  Hidden or latent defect, mechanical breakdown or failure (including rupture or bursting caused by centrifugal force), or any quality in the property that causes it to damage or destroy itself.
>
> b.  **Corrosion, rust or dampness**.
>
> c.  Electrical breakdown or failure.
>
> d.  Freezing or overheating.
>
> e.  **Wear and tear, gradual deterioration**.
>
> f.  Repair process or work on Covered Property.

The plaintiff's expert, Mark Buchanan, stated, after investigating the coal tipple, that "excessive deterioration of the steel plates and the wear and tear and rust of the welds caused the tipple to fail." (Rec. No. 35, Exhibit D, Affidavit). The defendants' expert, Steve Howard, stated that the coal tipple failure "was caused by normal wear on the welds and metal." (Rec. No. 35, Exhibit E, Affidavit). The Defendants argue that causation is a question of fact for the jury to decide, however, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Affidavits of both the defendants' and the plaintiff's experts establish that the coal tipple failure was caused by rust and/or wear and tear, which are both specifically excluded causes under the policy.

The fact that the coal tipple failure was due to wear and tear or rust has been established by experts for both the plaintiff and defendants. However, this dispute centers on the language in the insurance policy found in the sentence preceding the list of exclusions, which reads, "But if loss by a Covered Cause of Loss results, we will pay for that resulting loss."(Rec. No. 31). Defendants argue that this sentence trumps the exclusionary language and restores coverage.

In determining coverage under an insurance policy that contains an exclusion clause, the insurer bears the burden of proving the exclusion bars coverage. *Smith v. State Farm Fire and Cas. Co.*, 656 N.W.2d 432, 436 (2003). However, "once the insurer shows the application of an exclusion clause, the burden of proof shifts back to the insured because the exception to the exclusion 'restores' coverage for which the insured bears the burden of proof." *Id*. at 436. *See also* Lee R. Russ & Thomas F. Segalla, 17A Couch on Insurance 3d § 254:13 (2006).

Defendants, B & W Resources and Begley Properties, argue that collapse is the cause of

the coal tipple loss and even if wear and tear caused the collapse, the "resulting loss" or "ensuing loss" is covered because the exception to the exclusion restores coverage.[1] However, Defendants' argument is flawed because Defendants have not pointed to an independent event aside from the wear and tear that caused the coal tipple to collapse. *See Sansone v. Nationwide Mutual Fire Insurance Company*, 770 A.2d 500, 504 (Conn. Super. Ct. 1999).

> In the determination whether a loss is within an exception in a policy, where there is a concurrence of two causes, the efficient cause - the one that sets the other in motion - is the cause to which the loss is to be attributed, though the other cause may follow it and operate more immediately in producing the disaster.

*Id*. at 504 (internal quotation marks omitted)(quoting *Frontis v. Milwaukee Ins. Co.*, 156 Conn. 492, 499 (1968)).

In *Sansone*, homeowners brought an action against the insurance company for failure to pay for damage caused by termites. 770 A.2d at 503. The insurance company denied coverage because the insurance policy contained a clause that excluded loss to property caused by insects. However, the provision also provided that any ensuing loss not excluded is covered. *Id*. The homeowners claimed they suffered ensuing losses when the dwelling was damaged in order to repair the insect damage. The court held that the ensuing loss provision did not operate to restore coverage because there was "no aggravating activity or event that caused their additional losses other than those losses arising from the repairs necessitated by the damage caused by the insect infestation." *Id*. at 504. *See also Acme Galvanizing Co. v. Fireman's Fund Ins. Co.*, 221 Cal.App.3d 170, 180 ("The spillage of molten zinc was part of the loss directly caused by such peril, not a new hazard or phenomenon. If the molten zinc had ignited a fire or caused an

---

[1] The Defendants have made the argument that collapse is a covered cause of loss, however, collapse is not specifically listed in the policy as a covered cause of loss. (Rec. No. 36).

explosion which destroyed the plant, then the fire or explosion would have been a new covered peril with the ensuing loss covered. That did not occur."); *Vermont Elec. Power Co., Inc. v. Hartford Steam Boiler*, 72 F.Supp 2d 441, 445 (D.Vt. 1999)("The loss itself, however, was not the design defect, but the damage to the transformers; the defective design was the cause. An ensuing loss would be one which occurred subsequent to the overheating of the transformers, for example, fire destruction of the building which housed the transformers").

The rust and/or wear and tear caused the coal tipple to collapse, the collapse caused the damage to the coal tipple, thus, the damage to the coal tipple was due to the original rust and/or wear and tear. Defendants have offered no proof of some intervening event other than the rust and/or wear and tear that caused the collapse. Courts are unwilling to allow coverage for an ensuing loss that is directly related to the original excluded risk because do to so would allow the exception to swallow the exclusion. *Narob Development Corp. v. Insurance Company of North America*, 631 N.Y.S.2d 155 (N.Y. App. Div. 1995).

Defendants argue that any ambiguity in an insurance contract should be construed in favor of the insured and Defendants are correct in that proposition. *See Standard Acc. Ins. Co. v. Perry County Bd. of Ed.*, 72 F. Supp. 142 (E.D.Ky.1947). However, the contract should not be construed in favor of the insured if "such an interpretation would be unfair, unreasonable and irrational in the light of the real intention of the parties..." *Id*. at 147. See also *Kemper*, 82 S.W.3d at 873-874 (stating that the strict construction of a coverage exclusion should not overcome "plain, clear language resulting in a strained or forced construction").

The intention of the parties was to create an insurance contract that contained a list of exceptions and those exceptions were to operate to deny coverage. It would be unreasonable and

irrational to conclude that this ensuing loss provision restored coverage in the situation at hand when the parties negotiated and signed an insurance contract that plainly excluded certain risks from coverage and the very risks that the parties excluded, rust and/or wear and tear, are the very risks that caused the loss to the coal tipple.

The Defendants have suggested that the Court must read the other exclusion provisions in the contract and compare the wording of those provisions and conclude that this provision operates to restore coverage. (Rec. No. 31, pg. 7). However, the Supreme Court of Kentucky instructs otherwise stating, "each exclusion is to be read independently of every other exclusion. Because an exclusion is not an affirmative grant of coverage- and each exclusion is independent of all others- any applicable exclusion is sufficient to remove coverage." *Kemper*, 82 S.W.3d at 874 (citations omitted)(quoting *Harrison Plumbing & Heating, Inc. v. New Hampshire Insurance Group*, 681 P.2d 875, 880).

In conclusion, the loss to the coal tipple is an excluded loss under the insurance policy and the resulting loss provision does not operate to restore coverage, thus, the Court GRANTS Plaintiff's Motion for Summary Judgment (Rec. No. 35) and DENIES Defendants' Motion for Partial Summary Judgment (Rec. No. 31).

### IV. MOTION TO AMEND COMPLAINT

Defendants have moved the Court for leave to file Second Amended Complaint and Second Amended Counterclaim (Rec. No. 25) pursuant to Federal Rule of Civil Procedure 15(a) in order to state a bad faith claim against Plaintiff. "Under Federal Rule of Civil Procedure 15(a), a district court should freely grant a plaintiff leave to amend a complaint when justice so requires. A district court may deny a plaintiff leave to amend his or her complaint, however,

when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) (citation omitted) (internal quotation marks omitted).

Kentucky courts have established that if there is no obligation to pay under an insurance policy then there can be no claim for bad faith. *Kentucky National Insurance Co. v. Shaffer*, 155 S.W.3d 738 (Ky.App.2004). The Court has determined that the coal tipple is an excluded loss under the insurance policy and the Plaintiff has no obligation to pay, therefore, Defendants' Motion to Amend the Complaint to add a bad faith claim would be futile. As a result, the Court DENIES Defendants' motion for leave to file Second Amended Complaint and Second Amended Counterclaim (Rec. No. 25).

## V. CONCLUSION

Accordingly **IT IS ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment (Rec. No. 35) is GRANTED.

(2) Defendants' Motion for Partial Summary Judgment (Rec. No. 31) is DENIED.

(3) Defendants' motion for leave to file Second Amended Complaint and Second Amended Counterclaim (Rec. No. 25) is DENIED.

(4) Plaintiff's Motion to Take Deposition Outside Discovery Deadline (Rec. No. 43) is DENIED as MOOT.

(5) All other pending motions are denied as moot and this action is hereby STRICKEN from the active docket.

Dated this 26th day of October, 2006.



Signed By:
*Karen K. Caldwell*
**United States District Judge**